**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Moreno, Jr., | No. CV-17-01074-PHX-DJH (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Correctional Health Services, et al., | |
| Defendants. | |

Plaintiff Manuel Moreno, Jr. ("Plaintiff") objects to and has appealed various rulings in three orders issued by Magistrate Judge Metcalf (Docs. 33, 56 & 63). Plaintiff first challenges Judge Metcalf's January 30, 2018 Order (Doc. 32) denying Plaintiff's Motion to Appoint an Independent Medical Expert. (Doc. 33). Plaintiff also challenges portions of Judge Metcalf's March 23, 2018 Order (Doc. 54), which in part, (1) denies Plaintiff's Motion for Entry of Default (Doc. 48); (2) denies Plaintiff's Notice to the Court seeking exemption from rules (Doc. 50); (3) strikes Plaintiff's Response to Defendant Alvarez's First Set of Interrogatories, filed March 20, 2018 (Doc. 51); and (4) denies Plaintiff's Response to Order to Show Cause filed on March 20, 2018, which Judge Metcalf construed to be a motion for reconsideration (Doc. 52). (Doc. 56). In that appeal, Plaintiff requests that this Court withdraw the reference to Judge Metcalf as to Docs. 48, 50, 51 & 52 and grant the relief Plaintiff originally sought in each of these motions.

Finally, Plaintiff challenges portions of Judge Metcalf's March 29, 2018 Order (Doc. 59) that deny Plaintiff's requests (1) to continue or stay proceedings; and (2) to certify the case to the Attorney General. (Doc. 58). In that appeal, Plaintiff again asks that this Court withdraw the reference to Judge Metcalf as to Doc. 58 and grant the relief sought therein.

Finally, on May 29, 2018, Plaintiff filed a "Motion for A Decision on Docs. 33, 56, and 63" (Doc. 87) wherein he requests that this Court issue a decision on the pending appeals within 21 days from the filing of his motion. The reference to Judge Metcalf has been withdrawn as to that motion. For the reasons that follow, the Court will not reconsider Judge Metcalf's orders and Plaintiff's Motion for a Decision on Docs. 33, 56, and 63 (Doc. 87) is denied as moot.

## I. Legal Standards

"A district court may refer a pretrial matter to a magistrate to 'hear and determine,' and may review the magistrate's order 'where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(B)(1)(A); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). Thus, this Court reviews an appeal from a magistrate judge's decision "for clear error." *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (citations omitted). *Accord Grimes v. City & County of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law") (citing Fed. R. Civ. P. 72(b)). Clear error is met when the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001).

## II. Analysis

### A. Appeal of January 30, 2018 Order

Plaintiff first appeals Judge Metcalf's denial of Plaintiff's request for an appointment of a medical expert witness. In denying that motion, Judge Metcalf noted that the purpose of Federal Rule of Evidence 706 was to promote accurate fact-finding

and assist the trier-of-fact's ability to understand "a complex or esoteric subject." (Doc. 32 at 1 (*citing* Wright & Miller, 29 Fed. Prac. & Proc. Evid. § 6304 (2004))). The Court found that the case at that early stage did not present the need for an independent expert to resolve any pertinent issues. (Doc. 32 at 2). The Court specifically noted that Plaintiff's case centered on claims of deliberate indifference, or subjective states of mind, and not claims such as medical malpractice which would necessitate objective, expert testimony. (*Id*.) Accordingly, he denied the motion without prejudice. (*Id*. (noting that "[p]erhaps, as the case progresses, it will become apparent that issues remain which will be best resolved by appointment of an independent expert"). Plaintiff has failed to identify any legal error in the Court's analysis but complains, without citing to supporting authority, that Judge Metcalf should have required briefing from the Defendants that ordered them to answer whether they intended on using an expert witness for their pre-trial pleadings. Failure to require an answer to this specific question at that point in time was not legal error. Although Defendants were obligated to disclose any expert witnesses and their reports by the deadline set in the Court's Scheduling Order[1], the Court did not err by failing to require Defendants to answer whether they intended to present expert testimony regarding Defendants' alleged deliberate indifference in a response to Plaintiff's motion. This decision is therefore affirmed.

### B. Appeal of March 23, 2018 Order

#### i. Denial of Entry of Default

Defendants did not respond to Plaintiff's objection of Judge Metcalf's decision to deny his motion for appointment of a medical expert. Plaintiff thereafter moved for an entry of default, citing Local Civil Rule 7.2.(i). Rule 7.2(i) provides that where there is a "required answering memoranda" to a motion due, a non-response may be deemed consent to the granting of the motion. As Judge Metcalf correctly noted in denying the motion, LRCiv 7.2(i) does not govern Plaintiff's objection, which is permitted and

---

[1] According to the operative Scheduling Order in this matter, Defendants were obligated to disclose such information by April 8, 2018. (Doc. 20).

allowed under Fed. R. Civ. P. 72(a).[2] Rule 72(a) states, in part, that a party may "serve and file objections to the [magistrate's] order within 14 days after being served with a copy [of that order]." Fed. R. Civ. P. 72(a). Thus even if the Court would construe Plaintiff's objection as a "motion," as Plaintiff urges this Court to do, nothing in Rule 72(a) requires Defendants to file an answering memoranda such that the failure to respond could constitute consent to the objections made therein. Having identified no error in the magistrate's analysis, this decision is also affirmed.

### ii. Decision on Compliance with Service Rules and to Strike Responses to Defendant's Interrogatories

Plaintiff next objects to Judge Metcalf's refusal to exempt him from the service requirements in Fed. R. Civ. P. 5(d)(1) and paragraph 4.3(g) of the Court's Scheduling Order on account of his indigence. He specifically objects to the Court's decision to strike his filed Responses to Defendant's Interrogatories for noncompliance with these rules. Instead of serving Defendants with copies of his Responses to the Interrogatories, Plaintiff filed them with the Court. Plaintiff also filed a "Notice" which included a "Certificate of Service" that described his "service" of Defendants via the actual filing of his Responses and the resulting notice in the CM/ECF system. (Doc. 50). Plaintiff's Notice also states that he cannot afford to pay for the copies and postage to serve his Responses. (*Id.*)

Judge Metcalf's Scheduling Order in no uncertain terms states that "Pursuant to Federal Rule of Civil Procedure 5(d), the parties are **not** to file with the Court their:… (b) discovery requests and responses for… (ii) interrogatories…. Instead, the parties shall file notice of service of such documents pursuant to Local Rule of Civil Procedure 5.2." (Doc. 20 (emphasis in original)). Noting that Plaintiff had proffered no specifics as to why Plaintiff does not have the resources available to comply with the service rules,

---

[2] Plaintiff says Judge Metcalf clearly erred by characterizing Doc. 33 as an "objection" where he has clearly titled it as an "appeal." The nomenclature is immaterial; Plaintiff is only authorized to "object" or "appeal" a magistrate's nondispositive order under Rule 72(a), which simply does not mandate a response from the non-objecting party. Thus, Defendants' non-responsiveness is not construed as consent to the objection.

- 4 -

| | |
|---|---|
| 1 | Judge Metcalf refused to excuse Plaintiff's noncompliance. Construing Plaintiff's Notice |
| 2 | as a motion for exemption from the rules, Judge Metcalf denied the motion, noting "If |
| 3 | Plaintiff's lack of funds and access to legal supplies persists; he may file a motion raising |
| 4 | the issue, supported with evidence of such lack of access, and seeking appropriate relief." |
| 5 | (Doc. 54 at 4). Judge Metcalf then struck Plaintiff's Responses from the docket. (*Id*.) |

Notwithstanding the clear language of Fed. R. Civ. P 5(d) and the Court's Scheduling Order prohibiting such filings, Plaintiff argues that General Order 14-17 ("GO 14-17") relating to the processing of prisoner filings "can be construed as an exemption to the 'must not be filed' portion of Rule 5(d)." (Doc. 56 at 2). Plaintiff does not specify exactly how GO 14-17 can interpreted be in this matter, however, and it does not appear that such an argument was presented to Judge Metcalf. The Court finds that nothing in GO 14-17 exempts Plaintiff from the clear prohibitions in Fed. R. Civ. P. 5(d) or the Court's Scheduling Order. Plaintiff clearly violated court rules when he filed his Responses and failed to send Defendants copies. Moreover, he insufficiently established good cause to excuse the noncompliance. Judge Metcalf's decision to strike the Responses and refusal to exempt Plaintiff from the rules was not in error and will be affirmed.

### iii. Denial of Motion for Reconsideration

Finally, Plaintiff objects to Judge Metcalf's decision to deny the relief sought in his "Response to Order to Show Cause," which the magistrate judge construed to a motion for reconsideration of its previous decision to deny Plaintiff's request to amend his complaint. Plaintiff offers no grounds for error, but simply contends that he would never file such a document because he knows that courts disfavor motions for reconsideration. Plaintiff thus presents no grounds for disputing Judge Metcalf's rulings and specifically fails to show that this decision was clearly erroneous or contrary to law. The decision will be affirmed.

. . . .

. . . .

### C. Appeal of March 29, 2018 Order

#### i. Denial of Stay Request

Plaintiff first objects to Judge Metcalf's refusal to stay the proceedings pending a resolution of Plaintiff's constitutional challenge to Arizona's medical record disclosure statute, Ariz. Rev. Stat. § 12-2294. As noted by Judge Metcalf, however, Plaintiff "proffer[ed] no justification for such a stay" in his request. (Doc. 59 at 3). Plaintiff now argues that the justification for the stay "was implied" and is justified because when opposing counsel obtained Plaintiff's medical records, it was using an unconstitutional state statute that failed to provide him with notice and an opportunity to object to the disclosure, as required by HIPAA. (Doc. 62 at 1-2). Plaintiff contends that Defendant's use of these documents to litigate is akin to law enforcement obtaining evidence without a warrant. (*Id*. at 5).

A district court has discretion to stay civil proceedings in the interest of justice and in the light of the particular circumstances of the case. *Grubbs v. Irey*, 2008 WL 906246, at *1 n. 5 (E.D. Cal. Mar. 31, 2008) (citing *Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980)). Generally, however, motions to stay discovery are disfavored because "discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future." *White v. E-Loan, Inc.*, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Here, Judge Metcalf noted that to the extent disputed records have already been obtained by Defendants, the parties may continue to litigate this case while they litigate the propriety of the disclosure. (Doc. 59 at 3). He further noted that to the extent the disputed records have not been obtained, Plaintiff may move for a protective order under Fed. R. Civ. P. 26(c). (*Id*.) Judge Metcalf thus appropriately denied Plaintiff's request to stay. Plaintiff has not identified, and the Court does not find, legal error in the decision.

#### ii. Denial of Motion for Certification of Constitutional Question

Plaintiff also objects to Judge Metcalf's refusal to certify the case to the Arizona Attorney General ("Arizona AG") under Fed R. Civ. P. 5.1(b) and 28 U.S.C. § 2403. In

denying this request, Judge Metcalf in part found that Plaintiff had not served notice on the Arizona Attorney General "by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose" as required by Rule 5.1(a)(2). (Doc. 59). Without citing to any authority, Plaintiff now argues that Judge Metcalf should bear this burden by "directing the Clerk of Court to send a copy of Doc. 58 to the Arizona Attorney General's electronic address they used to register with the Court's CM/ECF system." (Doc. 63 at 3). However, Rule 5.1(a)(2) squarely puts the burden of this service on the "party…drawing into question the constitutionality of a federal or state statute," not on the Court. As such, Judge Metcalf did not err in refusing to certify the question under Rule 5.1 because Plaintiff had failed to comply with the service requirements of that rule.

Accordingly,

**IT IS ORDERED** that Plaintiff's Appeals of Magistrate Judge Decisions to District Court (Docs. 33, 56, and 63) are **DENIED**. Plaintiff's requests to withdraw the reference to Judge Metcalf as to Docs. 48, 50, 51, 52, and 58 are **DENIED.**

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for a Decision on Docs. 33, 56, and 63 (Doc. 87) as moot.

**Dated** this 28th day of June, 2018.

Honorable Diane J. Humetewa
United States District Judge